**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THE NEW YORK STATE CORRECTIONAL
OFFICERS & POLICE BENEVOLENT ASSOCIATION,
INC., DONN ROWE, individually, and as President
of the New York State Correctional Officers & Police
Benevolent Association, Inc., on Behalf of Themselves
and All Others Similarly Situated,**

                          **Plaintiffs,**

  vs.                                        1:11-CV-1523
                                                 (MAD/CFH)

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
individually, and in his official capacity as Governor of
the State of New York, NEW YORK STATE CIVIL
SERVICE DEPARTMENT, PATRICIA A. HITE,
individually, and in her official capacity as Acting
Commissioner, New York State Civil Service Department,
NEW YORK STATE CIVIL SERVICE COMMISSION,
CAROLINE W. AHL and J. DENNIS HANRAHAN,
individually, and in their official capacities as Commissioners
of the New York State Civil Service Commission, ROBERT L.
MEGNA, individually, and in his official capacity as Director
of the New York State Division of the Budget, and THOMAS P.
DiNAPOLI, individually, and in his official capacity as Comptroller
of the State of New York, and NEW YORK STATE AND LOCAL
RETIREMENT SYSTEM,**

                          **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**SHEEHAN GREENE GOLDMAN &**      **JEFFREY P. MANS, ESQ.**
**JACQUES LLP**
54 State Street, Suite 1001
Albany, New York 12207
Attorneys for Plaintiffs

**OFFICE OF THE NEW YORK**          **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**        **JUSTIN L. ENGEL, AAG**
The Capitol                                      **RACHEL M. KISH, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

In an amended complaint dated February 14, 2012, Plaintiffs allege that Defendants unilaterally increased the percentage of contributions that Plaintiffs, active and retired employees, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts and Due Process Clauses of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. *See* Dkt. No. 9. On May 30, 2014, Defendants filed a motion for judgment on the pleadings, seeking the dismissal of all individual and official capacity claims against all Defendants except Defendant Hite and Megna. *See* Dkt. No. 47. In a July 25, 2014 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court deny Defendants' motion in its entirety. *See* Dkt. No. 55.

Currently before the Court are Defendants' objections to Magistrate Judge Hummel's Report-Recommendation and Order.[1]

**II. DISCUSSION**

**A.     Standard of review**

In deciding a Rule 12(c) motion, the court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

---

[1] The Court directs the parties to its December 3, 2012 Memorandum-Decision and Order, in which the Court discussed in detail the relevant factual background. *See* Dkt. No. 22.

legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

3

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Defendants' objections**

In their objections, Defendants state that they object "to that portion of Magistrate Judge Hummel's July 25, 2014 Report and Recommendation . . . on Defendants' Motion for Judgment on the Pleadings . . . finding that Plaintiffs adequately alleged that Defendants Cuomo, Ahl, Hanrahan and DiNapoli were personally involved in alleged constitutional violations and therefore may be liable for monetary damages in their individual capacities pursuant to 42 U.S.C. § 1983." Dkt. No. 58-1 at 4.[2] Defendants rely on this Court's decision in *Brown v. New York*, 975 F. Supp. 2d 209, 229-31 (N.D.N.Y. 2013), a companion case, in which the Court dismissed claims against these Defendants in their individual capacities based on the plaintiffs' failure to plausibly allege their personal involvement. *See* Dkt. No. 58-1 at 5-8. Defendants contend that the allegations in the present matter are indistinguishable from the allegations in *Brown*. *See id.*

---

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

4

Finally, Defendants contend that the personal involvement of Defendants Cuomo, Ahl, Hanrahan and DiNapoli was not previous addressed by the Court, contrary to the findings in the Report-Recommendation and Order. *See id.* at 8-9.

**C.      Personal Involvement**

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). "[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). Nevertheless,

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[3] "[W]hile facts and evidence solely within a defendant's possession and knowledge may be pled 'on information and belief,' this does not mean

---

[3] Although the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, the Court will assume for purposes of this motion that *Colon* is still good law. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

5

that those matters may be pled lacking any detail at all." *Miller v. City of New York*, No. 05-6024, 2007 WL 1062505, *4 (E.D.N.Y. Mar. 30, 2007) (citing, *inter alia*, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180 (2d Cir. 2004)); *see DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("[T]he allegations must be accompanied by a statement of the facts upon which the belief is based").

The Court will review Plaintiffs' allegations with respect to each of the individual Defendants in turn.[4]

### *1. Defendant Cuomo*

In the amended complaint, Plaintiffs have alleged that Defendant Cuomo is the Governor of New York and that, "[u]pon information and belief, defendant Cuomo approved and directed the implementation of reduced health insurance benefits for retired State employees, effective October 1, 2011." Dkt. No. 9 at ¶¶ 21-22. Further, Plaintiffs contend that, upon information and

---

[4] Defendants are correct that the Court did not previously address the moving Defendants' personal involvement. Although confusion often arises when the basis for subject matter jurisdiction is also an element of the plaintiff's asserted federal cause of action, the courts agree that the claimed lack of personal involvement should be evaluated as going to the merits of the claim under Rule 12(b)(6), not to the Court's subject matter jurisdiction. *See Jones v. Nassau County Sheriffs Dept.*, 285 F. Supp. 2d 322, 324 (E. D.N.Y. 2003) (treating the defendants' argument that the plaintiff failed to allege their personal involvement as going to the merits of his federal claim, not to the court's subject matter jurisdiction); *see also Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187-89 (2d Cir. 1996) ("Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances"). Since personal involvement does not go to the Court's subject matter jurisdiction, the Court did not address this issue in its previous decision *sua sponte*. Additionally, even if the Court had previously decided this issue, the law of the case doctrine is discretionary when a court, as here, is considering whether to revisit its own decisions or the decisions of a sister court, as opposed to a matter ruled upon by an appellate court. *See In re Northern Telecom Ltd. Securities Litig.*, 42 F. Supp. 2d 234, 239 (S.D.N.Y. 1998) (citing cases).

belief, Defendants Hite and Megna "approved the administrative extension and implementation of reduced health insurance benefits for retired State employees, effective October 1, 2011, at the direction of defendant Governor or his staff." *Id.* at ¶¶ 26, 33. Additionally, the amended complaint alleges that Defendant Cuomo or his staff directed Defendant Hite or her staff to implement "the aforesaid reduced health insurance benefits for retired State employees, effective October 1, 2011." *Id.* at ¶ 95. The amended complaint also asserts that Defendant Cuomo has failed to nominate anyone to fill the office of President of the Civil Service Commission and Commissioner of the Civil Service Department. *See id.* at ¶ 113. Finally, the amended complaint alleges that Defendant Cuomo signed Chapter 491 of the Laws of 2011 on August 17, 2011. *See id.* at ¶ 82.

### *2. Defendants Ahl and Hanrahan*

The amended complaint provides that "Defendants Caroline W. Ahl and J. Dennis Hanrahan, together constitute the Civil Service Commission, with all the powers and duties set forth in the Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations." Dkt. No. 9 at ¶ 31. No other allegations in the amended complaint mention these Defendants by name.

### *3. Defendant DiNapoli*

According to the amended complaint, "Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is the head of the Office of State Comptroller and the Department of Audit and Control, which is a department within the Executive Branch of the New York State Government." Dkt. No. 9 at ¶ 34. The amended complaint further alleges that "Defendant

DiNapoli, as State Comptroller, is responsible for the administration of the New York State and Local Retirement System (Retirement System), including the monthly payment of pensions to eligible retired State employee pensioners in the NYS ERS, less any deductions for the payment of retiree health insurance premium costs." *Id.* at ¶ 35.

### *4. Application*

In the present matter, the Court agrees with Defendants Cuomo, Ahl, Hanrahan and DiNapoli that the amended complaint fails to plausibly allege their personal involvement in the alleged constitutional violations and, therefore, the claims brought against them in their individual capacities must be dismissed. Contrary to Plaintiffs' assertions in their opposition to Defendants' motion, the allegations contained in the present amended complaint are virtually indistinguishable to the allegations in the complaint in *Brown*.

Plaintiffs contend that, unlike in *Brown*, they "have alleged with specificity that the defendants' implementation of reduced State health insurance contribution rates for retirees was *ultra vires* and without any authority under State law[.]" Dkt. No. 52 at 13 (citing Dkt. No. 9 at ¶¶ 111-122). Contrary to Plaintiffs' assertions, the complaint in *Brown* did allege that Defendants' implementation of the reduced contribution rates was *ultra vires* and in violation of state law. In fact, the Court discussed this claim at length and the applicability of the exception to Eleventh Amendment immunity discussed by the Supreme Court in *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 696–697, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). *See Brown*, 975 F. Supp. 2d at 226-28.

Further, in the present matter, Plaintiffs' sixth cause of action, which is entitled "Vacancy in Office – Implementation *Ultra Vires* and Without Authority," only names Defendants Hite and

8

Megna, and clearly discusses only their implementation of the reduced contributions at issue. *See* Dkt. No. 9 at ¶¶ 159-166. Although Plaintiffs assert that this cause of action and facts alleged therein clearly set forth Defendant Cuomo's personal involvement, the Court disagrees. Defendant Cuomo is not once named in this cause of action and the only fact relevant to him is the reference to "the vacancy in the office of President of Civil Service Commission[,]" which implies that he has failed to fill this vacancy. *Id.* at ¶ 164. In fact, the cause of action specifically alleges that "State defendants Hite and Megna completely lacked authority under the provisions of Civil Service Law § 167(8), or otherwise, to approve and implement the aforesaid reduction in State contribution rates for retired State employees." *Id.*

As to Defendants Hanrahan, Ahl and DiNapoli, as noted above, the amended complaint does nothing more than identify who they are and their positions within the state government. Such allegations are clearly insufficient to plausibly allege their personal involvement in the alleged unconstitutional conduct.

Based on the foregoing, the Court grants Defendants' motion for judgment on the pleadings on this ground.[5]

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

---

[5] In their objections to the Report-Recommendation and Order, Defendants do not challenge Magistrate Judge Hummel's recommendation that the Court deny the motion as to the official capacity claims brought against Defendant Cuomo, Ahl, Hanrahan and DiNapoli. Having reviewed the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel did not clearly err in denying that portion of Defendants' motion for judgment on the pleadings.

**ORDERS** that the July 25, 2014 Report-Recommendation and Order is **REJECTED in part and ACCEPTED in part**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the claims brought against Defendants Cuomo, Hanrahan, Ahl, and DiNapoli in their individual capacities are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules; and the Court further

**ORDERS** that all further non-dispositive pretrial matters are referred to Magistrate Judge Hummel.

**IT IS SO ORDERED.**

Dated: March 20, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge