**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THE NEW YORK STATE CORRECTIONAL
OFFICERS & POLICE BENEVOLENT ASSOCIATION,
INC.; DONN ROWE**, individually, and as President
of the New York State Correctional Officers & Police
Benevolent Association, Inc.; **AL MOTHERSHED**, on
Behalf of Themselves and All Others Similarly Situated;
**ART W. JOLLEY**, on Behalf of Themselves and All Others
Similarly Situated; **LOUIS GIAMPAGLIA**, on Behalf of
Themselves and All Others Similarly Situated; **DAVID L.
FAILE**, on Behalf of Themselves and All Others Similarly
Situated; **WILLIAM J. WEST**, on Behalf of Themselves
and All Others Similarly Situated; and **DIANE DAVIS**, on
Behalf of Themselves and All Others Similarly Situated,

                    Plaintiffs,

  vs.                                                              1:11-CV-1523
                                                                   (MAD/CFH)

**ANDREW M. CUOMO**, in his official capacity as
Governor of the State of New York; **PATRICIA A. HITE**,
individually, and in her official capacity as Acting
Commissioner, New York State Civil Service Department;
**CAROLINE W. AHL and J. DENNIS HANRAHAN**,
in their official capacities as Commissioners of the New
York State Civil Service Commission; **ROBERT L.
MEGNA**, individually, and in his official capacity as
Director of the New York State Division of the Budget; and
**THOMAS P. DiNAPOLI**, in his official capacity as
Comptroller of the State of New York,

                    Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**LIPPES MATHIAS WEXLER**             **JEFFREY P. MANS, ESQ.**
**FRIEDMAN, LLP**
54 State Street, Suite 1001
Albany, New York 12207
Attorneys for Plaintiffs


**OFFICE OF THE NEW YORK**              **HELENA LYNCH, AAG**

**STATE ATTORNEY GENERAL          RICHARD LOMBARDO, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION[1]

In an amended complaint dated February 14, 2012, Plaintiffs allege that Defendants unilaterally increased the percentage of contributions that Plaintiffs, active and retired employees of the State of New York, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts Clause and Due Process Clause of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. *See* Dkt. No. 9. In their amended complaint, Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and money damages, to redress Defendants' alleged deprivation of Plaintiffs' rights secured pursuant to the Contracts Clause of

---

[1] The instant case is one of eleven related cases currently before this Court, all brought against, for the most part, the same individual Defendants and are all related to the increase in contribution rates for retirees' health insurance. *See Donohue v. New York*, No. 1:11-cv-1530 (N.D.N.Y.); *NYSCOBA, Inc. v. New York*, No. 1:11-cv-1523 (N.D.N.Y.); *N.Y.S. Law Enforcement Officers Union Council 82, AFSCME, AFL-CIO v. New York*, No. 1:11-cv-1525 (N.D.N.Y.); *Police Benevolent Assoc. of the N.Y.S. Troopers, Inc. v. New York*, No. 1:11-cv-1526 (N.D.N.Y.); *N.Y.S. Police Investigators Assoc., Local 4 IUPA, AFL-CIO v. New York*, No. 1:11-cv-1527 (N.D.N.Y.); *Police Benevolent Assoc. of N.Y.S., Inc. v. New York*, No. 1:11-cv-1528 (N.D.N.Y.); *Krey v. Cuomo*, No. 1:11-cv-1529 (N.D.N.Y.); *Spence v. New York*, No. 1:11-cv-1533 (N.D.N.Y.); *Roberts v. New York*, No. 1:12-cv-46 (N.D.N.Y.); *N.Y. Court Officers Assoc. v. Hite*, No. 1:12-cv-532 (N.D.N.Y.); *Brown v. New York*, No. 1:13-cv-645 (N.D.N.Y.). With minor variations, the related cases all assert the same causes of action and raise the same arguments in the pending motions for summary judgment. The Court has determined that *Donohue v. New York*, No. 1:11-cv-1530 (N.D.N.Y.) shall serve as the "Lead Case." Familiarity with the Lead Case is presumed. The Court adopts and incorporates by reference the related Memorandum-Decision and Order in the Lead Case into this Memorandum-Decision and Order and will only address those facts and legal issues that are distinct from the Lead Case.

the United States Constitution, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, Article I, § 6 of the New York State Constitution, and for breach of contract, and violation of New York State Civil Service Law § 167, resulting from Defendants' unilateral action effective October 1, 2011, increasing the contribution rates that Plaintiffs pay for their health insurance in retirement.

Currently before the Court is Defendants' motion for summary judgment. *See* Dkt. No. 98.

## II. BACKGROUND

Plaintiff New York State Correction Officers & Police Benevolent Association, Inc. ("NYSCOPBA") is the collective bargaining representative for members of the Securities Services Unit of State Employees. *See* Dkt. No. 108 at ¶ 1. Plaintiffs Donn Rowe and Al Mothershed were, at the relevant times, active employees of the State of New York, and members of NYSCOPBA or a bargaining unit represented by NYSCOPBA. *See id.* at ¶ 2. Plaintiffs Art W. Jolley, Louis Giampaglia, David L. Faile, William J. West, and Diane Davis are former employees of the State of New York who were, during their employment, members of the bargaining unit represented by NYSCOPBA. *See id.* at ¶ 3. Plaintiffs Jolley, Giampaglia, and Faile are receiving Dependent Coverage health insurance benefits through the New York State Health Insurance Program ("NYSHIP"). *See id.* at ¶ 4. Plaintiffs West and Davis are receiving individual coverage health benefits through NYSHIP. *See id.* at ¶ 5.

Defendant Andrew M. Cuomo is Governor of the State of New York. *See id.* at ¶ 6. Defendant Patricia A. Hite was, in 2011, Acting Commissioner of the New York State

Department of Civil Service. *See id.* at ¶ 7.[2] Defendants Caroline W. Ahl and Dennis Hanrahan were, in 2011, the members of the Civil Service Commission. *See id.* at ¶ 8. Defendant Robert Megna was, in 2011, the Director of the New York State Division of Budget. *See id.* at ¶ 9. Defendant Thomas P. DiNapoli is the Comptroller of the State of New York. *See id.* at ¶ 10.

**B.     Collective Bargaining Agreement in 2011 Between New York and NYSCOPBA**

During 2011, the collective bargaining agreement ("CBA") in effect between the State of New York and NYSCOPBA was the CBA and Interest Arbitration Award for the term April 1, 2007, through March 31, 2009 (the "2007-09 CBA"). *See* Dkt. No. 108 at ¶ 11. Article 1, the "Term of the Agreement," provided that "[t]his Agreement shall be effective as of April 2007, except as otherwise specified, and shall continue in full force and effect to and including March 31, 2009." *Id.* at ¶ 12. As of February 14, 2012, a successor agreement had not been entered into between the State and NYSCOPBA subsequent to the 2007-09 CBA. *See id.* at ¶ 13.

Section 12.1 of the 2007-09 CBA provided: "The State shall continue to provide all the forms and extent of coverage as defined by the contracts and Interest Arbitration Awards in force on March 31, 2007 with the State health and dental insurance carriers unless specifically modified or replaced pursuant to this Agreement." *Id.* at ¶ 14. Section 12.8(a) of the 2007-09 CBA provided that "[t]he State agrees to pay 90 percent of the cost of individual coverage and 75 percent of the cost of dependent coverage, provided under the Empire Plan." *Id.* at ¶ 19. Section 12.8(b) of the 2007-09 CBA extended the substantially equivalent contribution rates for Health Maintenance Organizations ("HMO"). *See id.* at ¶ 19. Additionally, Section 12.8(c) of the 2007-

---

[2] The Court notes that Plaintiffs object to the assertion that Defendant Hite was "Acting Commissioner" of the New York State Department of Civil Service. *See* Dkt. No. 108 at ¶ 7. The same objection was raised and addressed by the Court in the Lead Case and will not be repeated in the present matter. *See Donohue v. New York*, No. 1:11-cv-1530, Dkt. No. 102 (N.D.N.Y.).

4

09 CBA provided that "[t]he unremarried spouse of an employee, who retires after April 1, 1979, with ten or more years of active State service and subsequently dies, shall be permitted to continue coverage in the health insurance program with payment at the same contribution rates as required of active employees." *Id.* at ¶ 20.

**C.     CBA Between New York and NYSCOPBA Entered Into July 23, 2012**

The subsequent collective bargaining agreement between the State and NYSCOPBA, for 2009-2016 (the "2009-16 CBA"), was entered into on July 23, 2012 and made effective retroactive to April 1, 2011. *See* Dkt. No. 108 at ¶ 21. Article 1 of the 2009-16 CBA, "Terms of Agreement," provides: "This Agreement shall be effective as of April 1, 2009, except as otherwise specified, and shall continue in full force and effect to and including March 31, 2016." *Id.* at ¶ 22.     Section 12.1 of the 2009-16 CBA provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts and Interest Arbitration Awards in force on March 31, 2009 with the State health and dental insurance carriers unless specifically modified or replaced pursuant to this Agreement." *Id.* at ¶ 23. Section 12.8(a) of the 2009-16 CBA provides as follows:

> The State agrees to pay 90 percent of the cost of individual
> coverage and 75 percent of the cost of dependent coverage,
> provided under the Empire Plan. . . . Effective October 1, 2011, for
> employees in a title Salary Grade 9 or below (or an employee
> equated to a position Salary Grade 9 or below), the State agrees to
> pay 88 percent of the cost of individual coverage and 73 percent of
> the cost of dependent coverage. Effective October 1, 2011, for
> employees in a title Salary Grade 10 and above (or an employee
> equated to a position title Salary Grade 10 and above) the State
> agrees to pay 84 percent of the cost of individual coverage and 69
> percent of the cost of dependent coverage.

*Id.* at ¶ 27. Section 12.8(b)(1) of the 2009-16 CBA extends the substantially equivalent contribution rates to HMOs. *See id.* at ¶ 28. Additionally, Section 12.8(c) of the 2009-16 CBA

5

provides that "[t]he unremarried spouse of an employee, who retires after April 1, 1979, with ten or more years of active State service and subsequently dies, shall be permitted to continue coverage in the health insurance program with payment at the same contribution rates as required of active employees." *Id.* at ¶ 29.

**D.      CBAs Between NYSCOPBA and New York from 1982 to 2007**

The various collective bargaining agreements between the State and NYSCOPBA's predecessor in interest contained substantially the same provisions as discussed above. *See* Dkt. No. 98-24 at ¶¶ 30-47. The 1982-85 CBA, however, provided that the State would pay 100% of individual coverage and 75% of dependent coverage. *See id.* at ¶ 48.

**E.      Legislation, Administrative Measures, and Fiscal Crisis**

The Court will not repeat all of the facts relating to the 1983 and 2011 Legislation, the fiscal crisis facing the State in 2010 and 2011, or the parties' arguments relating to Defendant Hite acting as the head of the Department of Civil Service. Rather, the Court refers the parties to the discussion set forth in the accompanying Memorandum-Decision and Order from the Lead Case.

**F.      The Amended Complaint and Defendants' Motion for Summary Judgment**

In their first cause of action, Plaintiffs allege that the increase in the percentage of the health insurance premium contribution paid by retirees violated the Contracts Clause of Article I, § 10 of the United States Constitution. Defendants contend that the Court should dismiss this cause of action because the collective bargaining agreements do not establish a contractual right to a perpetually fixed health insurance premium contribution rate. Further, Defendants argue that, even if Plaintiffs do have a vested right to a perpetually fixed premium contribution rate, they failed to demonstrate a substantial impairment of that right. Moreover, Defendants contend that

6

they are entitled to summary judgment on this claim because the law at issue served a legitimate public purpose and the means chosen to accomplish that purpose were reasonable and necessary.

The second and third causes of action allege that the retirees' premium contribution increase violated Plaintiffs' right to due process under the State and Federal Constitutions, respectively. Defendants claim that these claims are subject to dismissal because Plaintiffs do not have a property interest in a perpetually fixed premium contribution rate, and the New York State constitution does not provide for the cause of action that Plaintiffs assert.

The fourth cause of action is a separate claim brought pursuant to 42 U.S.C. § 1983, alleging that the retirees' premium contribution rate increase constituted a violation of the Federal Contracts and Due Process Clauses. Defendants contend that they are entitled to summary judgment as to this cause of action as it is entirely duplicative of other, fatally defective claims.

The fifth cause of action is a separate claim alleging that L. 2011 Ch. 491, as applied to Plaintiffs, violates the Federal Contracts and Due Process Clauses. Again, Defendants argue that this claim is duplicative and subject to dismissal.

The sixth and seventh causes of action allege that Defendants' extension of the premium contribution increase was *ultra vires* since it was unauthorized pursuant to Civil Service Law § 167(8). Defendants argue that they are entitled to summary judgment as to these causes of action because the Court does not have jurisdiction over them and they are otherwise without merit.

Plaintiffs' eighth cause of action is brought pursuant to Article 78 of the New York Civil Practice Law and Rules. Defendants contend that the Court has previously dismissed this cause of action.

The ninth cause of action alleges that the increase in the percentage of the health insurance premium contribution paid by retirees breached Plaintiffs' contractual rights under the 2007-09

7

CBA. Defendants contend that the Court should decline to exercise supplemental jurisdiction over this claim since there is no viable federal claim and that this claim should otherwise be dismissed because it lacks merit.

Finally, the tenth cause of action alleges that the retirees' premium contribution increase violated Plaintiffs' contract rights established by statute and longstanding practice. Defendants argue that they are entitled to summary judgment as to this claim because it is well established that Civil Service Law § 167(1) did not bestow any contractual rights on Plaintiffs and the past practice that Plaintiffs allege does not exist. Further, Defendants contend that, in any event, this claim must be dismissed because past practice is merely a form of parol evidence and does not independently establish a contractual right.

### III. DISCUSSION

**A.  Standard of review**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.   Plaintiffs' Claims**

The Court will not restate here all of the relevant law or reasons why Defendants' motion for summary judgment is granted as to Plaintiffs' five named causes of action. Rather, the Court directs the parties to the discussion in the Lead Case, which addresses each of the raised arguments. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102. The Court will only briefly address arguments raised by Plaintiffs that are distinct from those addressed in the Lead Case.

Initially, Plaintiffs argue that the Court should exclude the declarations of Dominic Colafati and Darryl Decker due to Defendants' failure to disclose them as witnesses. *See* Dkt. No. 109 at 5-11. As discussed in detail in the Lead Case, Defendants' failure to disclose these witnesses did not result in any prejudice and Plaintiffs have failed to demonstrate that the Court should grant such extraordinary relief.

In support of their Contracts Clause claim, Plaintiffs rely on a Memorandum of Understanding executed on November 18, 1982 and a purported oral side deal occurring at that same time pertaining to employees who retire on or after January 1, 1983. *See* Dkt. No. 109 at 14-20. No reasonable finder of fact could conclude the existence of such a side deal because it was never memorialized in any agreement, including the 1982 Memorandum of Understanding or any of the CBAs at issue. Indeed, the Memorandum of Understanding, by its plain terms, a

9

memorandum of the parties' understanding, makes no mention of pertaining to those who retire on or after January 1, 1983, and says nothing about premium contribution rates in retirement. *See* Dkt. No. 107-2.

As discussed in detail in the Lead Case, ordinary principles of contract interpretation require the Court to conclude that none of the CBAs at issue guaranteed a perpetually fixed premium contribution rate into retirement. *See M & G Polymers USA, LLC v. Hobert Freel Tackett*, ___U.S.___, 135 S. Ct. 926, 937 (2015) (holding that, while a CBA may explicitly provide that certain terms continue after the agreement's expiration, when a contract fails to address the duration of retiree benefits, "a court may not infer that the parties intended those benefits to vest for life"). While the CBAs at issue all provide that retirees have the right to continue receiving health insurance through the NYSHIP, they are all silent as to the premium contribution rate to be paid by retirees. *See Serafino v. City of Hamtramck*, 707 Fed. Appx. 345, 352-53 (6th Cir. 2017) ("Looking to the four corners of the agreements, there is no indication that the City intended to provide *any* healthcare benefit to retirees for life, let alone a right to deductible-free, low-co-pay, forever-unalterable healthcare insurance") (emphasis in original). This conclusion is further supported by the legislation passed in 1983 providing that the State would continue to pay the full premium for pre-January 1, 1983 retirees. If retirees had a contractually vested perpetual right to the same contribution rates in effect at the time of their retirement, there would have been no need for an affirmative legislative carve-out specifically applicable to them. Finally, as set forth in the Lead Case, the undisputed facts establish that, even if Plaintiffs had a vested right to a perpetual fixed contribution rate, the small increase to the contribution rate was not a substantial impairment and the increase was reasonable and necessary

in furtherance of an important government interest. *See Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102 at 26-32.

Plaintiffs' breach of contract cause of action must also be dismissed. Plaintiffs point to no contractual provision that was breached. The provisions regarding health insurance premiums do not extend beyond the life of the CBA and do not create a vested right to perpetually fixed premium contributions. *See Gallo*, 813 F.3d at 268.

As to Plaintiffs' due process claims, the undisputed facts demonstrate that neither the CBAs nor Civil Service Law § 167 created a property interest in fixed premium contribution rates in retirement. *See Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987); *Pineman v. Fallon*, 662 F. Supp. 1311, 1318 (D. Conn. 1987) ("[G]enerally courts have sought to avoid interpreting statutory benefit programs as waiving the exercise of sovereign power to amend the statute in the future"). Nothing prevented New York from amending Section 167(8) and extending the premium shifts negotiated in 2011 to unrepresented employees and retirees. Further, Plaintiffs failed to address Defendants' argument that the due process cause of action is subject to dismissal because of the availability of a post-deprivation Article 78 proceeding. *See Campo v. N.Y.C. Emps. Ret. Sys.*, 843 F.2d 96, 102 (2d Cir. 1988); *Minima v. N.Y.C. Emps. Ret. Sys.*, No. 11-cv-2191, 2012 WL 4049822, *6 (E.D.N.Y. Aug. 17, 2012). Finally, contrary to Plaintiffs' argument, retiree premium contributions are not a form of deferred compensation. *See M&G Polymers USA LLC*, 135 S. Ct. at 936 ("Retiree benefits are not a form of deferred compensation").

Even assuming that Plaintiffs' *ultra vires* causes of action were not previously dismissed by the Court and are not claims brought pursuant to Article 78 over which the Court would not have subject matter jurisdiction, the claims are still subject to dismissal. As set forth more fully

in the Lead Case and *Spence v. Cuomo*, No. 1:11-cv-1533, Dkt. No. 109 at 23-24 (N.D.N.Y.), Defendants Hite and Megna acted in accordance within their authority as provided by Civil Service Law § 167(8).

Based on the foregoing, the Court grants Defendants' motion for summary judgment.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendants' motion for summary judgment (Dkt. No. 98) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall attach a copy of the decision in the Lead Case (*Donohue v. Cuomo*, No. 1:11-cv-1530, Dkt. No. 102) to this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge